UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY EAGLE,

    Plaintiff,                             CIVIL ACTION NO. 08-11035

    v.                                        DISTRICT JUDGE DAVID M. LAWSON

GILBERT, RYAN, LAMB,                  MAGISTRATE JUDGE VIRGINIA M. MORGAN
and JOHN DOE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

## I. Introduction

    This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants deprived plaintiff of his rights under the United States Constitution. The matter comes before the Court on defendants Gilbert, Ryan and Lamb's Motion for Summary Judgment (D/E #14). No response to the motion has been filed by plaintiff and the time for filing a response has passed (D/E #16). For the reasons discussed below, this Court recommends that defendants' motion be

-1-

**GRANTED** and that this case be dismissed pursuant to 42 U.S.C. § 1997e(a) because plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.[1]

## II. Background

On March 11, 2008, plaintiff, an inmate at the G. Robert Cotton Correctional Facility (JCF), filed the complaint in this action (D/E #1). In that complaint, plaintiff alleged:

> For approximately four (4) months, every Sunday during all (Protestant) service I was locked in my cell and not allowed to attend service. The M.D.O.C. contends that I was working while locked in my cell. I also repeatedly requested a change in my work detail shift schedule. The ARUS + (sic) RUM, as well as the Classification Director had eleven (11) chances to do so but categorically refused to change my schedule. [Complaint, p. 4]

The complaint requested as relief that the MDOC "bend over backward" to ensure that everyone is able to attend the religious service of their choice in the shortest time possible. (Complaint, p. 5) The complaint also requests $17 million in damages. (Complaint, p. 5)

On June 6, 2008, defendants filed a motion for definite statement (D/E #12). In that motion, defendants argued that plaintiffs' complaint was vague and ambiguous as to his claims, the dates and other facts involved in any claims, and the actions taken by the each individual defendant. On June 25, 2008, this Court granted defendants' motion for more definite statement (D/E #15). Plaintiff was given until July 15, 2008 to file an amended complaint.

---

[1]While defendant John Doe has not been identified in this matter and he is not part of the motion to dismiss, that claim should be dismissed *sua sponte* given plaintiff's clear failure to exhaust his administrative remedies with respect to any of the claims found in his amended complaint.

On July 9, 2008, plaintiff filed his amended complaint (D/E #19). In that amended complaint, plaintiff alleged that, from March 12, 2006 to July 16, 2006, defendant Lamb kept plaintiff locked in plaintiff's cell every Sunday and, thereby, denied plaintiff access to religious services. According to plaintiff's amended complaint, while defendants will contend that plaintiff was working those Sundays, plaintiff was only scheduled to work and he was actually locked in his cell. Plaintiff's amended complaint also alleges that, plaintiff approached defendant Gilbert and defendant John Doe, a classification director at the prison, about getting plaintiff's work schedule changed. However, both Gilbert and John Doe refused to change the schedule, even though they had changed the schedule of a Muslim prisoner. According to plaintiff's complaint, defendants treated plaintiff differently because of plaintiff's religious views and, consequently, they violated the Equal Protection Clause of the United States Constitution. Plaintiff's amended complaint further alleged that he complained to defendant Ryan, but Ryan refused to remedy the situation.

Prior to the filing of the amended complaint, defendants filed the motion for summary judgment before the Court (D/E #14). In that motion, defendants argue that plaintiff's claims should be dismissed because he failed to properly exhaust his administrative remedies prior to filing this lawsuit.

### III. Standard of Review

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted

or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**IV. Discussion**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, __ U.S. __, __, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, __ U.S. __, __, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). However, § 1997e does not impose a jurisdictional bar to federal jurisdiction, Curry v. Scott, 249 F.3d 493, 501-503 (6th Cir. 2001), and while the preferred practice is for inmates to complete the grievance process prior to the filing of an action, "because the exhaustion requirement is not jurisdictional, district courts have some discretion in determining compliance with the statute." Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999).

MDOC Policy Directive 03.02.130 requires prisoners to follow a three-step grievance process in order to properly exhaust their administrative remedies. (MDOC PD 03.02.130, ¶ R

(effective date 12/19/03); attached as Ex. D to Defendants' Motion for Summary Judgment) In this case, the events complained of in this lawsuit occurred at JCF and plaintiff completed one grievance through Step III during his time at JCF. (Grievance JCF-2006-05-898-12g, attached as Ex. B to Defendants' Motion for Summary Judgment)[2] However, because Grievance, JCF-2006-05-898-12g only relates to a pair of prescription glasses, the grievance it raises has nothing to do with the issues alleged in plaintiff's amended complaint and, therefore, it does not demonstrate that plaintiff exhausted his administrative remedies in this case.

While plaintiff did not respond to defendants' motion for summary judgment, he asserts in his amended complaint that he filed a Step I grievance relating to his claims in this case, but that grievance "mysteriously disappeared." (Amended Complaint, p. 2) Plaintiff also asserts that, following the disappearance of his Step I grievance, he filed a grievance directly to Step III (Amended Complaint, p. 2) As part of his amended complaint, plaintiff attached the purported Step III grievance, dated July 10, 2006, as well as a letter, dated January 26, 2007, asking about that grievance. The letter is identified as a "Rough draft" and addressed to "Director's Office."

By asserting that possible misconduct by prison officials prevented plaintiff from having his grievances heard, plaintiff may be able to avoid the proper exhaustion requirement. See Jones v. Smith, 266 F.3d 399, 400 (6th Cir. 2001) (holding that a plaintiff could only be deemed

---

[2]Plaintiff has filed a total of six grievances through Step III of the grievance process, but only one was filed at JCF. (Grievance Inquiry Screen, attached as Ex. A to Defendants' Motion for Summary Judgment; Affidavit of James Armstrong, ¶ 16, attached as Ex. C to Defendants' Motion for Summary Judgment)

to have exhausted his administrative remedies where no grievance was filed because of misconduct by prison officials if the plaintiff alleged that there was no other source for obtaining a grievance form, that he made other attempts to obtain a form, or that he attempted to file a grievance without a form). Nevertheless, despite plaintiff's vague claims that his failure to exhaust was not his fault, he has failed to demonstrate why this Court should exercise its discretion and find that he complied with the statute. <u>Wyatt</u>, 193 F.3d at 879. Plaintiff did not respond to defendants' motion for summary judgment and he failed to provide an affidavit supporting his assertions. Moreover, while plaintiff alleges that he attempted to grieve his issues outside of the normal process, he only provides two letters, one labeled as a rough draft, and there is nothing indicating that the letters were sent. Even though this Court must view the evidence and draw all reasonable inferences in favor of plaintiff, <u>B.F. Goodrich Co.</u>, 245 F.3d at 591-92, plaintiff's amended complaint fails to demonstrate that a genuine issue exists as to whether plaintiff exhausted his administrative remedies and plaintiff's amended complaint should be dismissed for a failure to properly exhaust his administrative remedies.

Such a finding would be consistent with the goals of the exhaustion requirement as the Sixth Circuit has identified the benefits of exhaustion to include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." <u>Jones</u>, 127 S.Ct. at 923. In this case, the prison

did not have the opportunity to address plaintiff's complaints, it did not address those complaints on the merits, and this litigation was not improved by the preparation of a useful record.

Given that plaintiff failed to pursue his claims against defendants Gilbert, Ryan and Lamb through Step III of the MDOC grievance process, he has failed to properly exhaust his administrative remedies prior to bringing this lawsuit. Moreover, while the John Doe defendant has not been identified and is not part of the motion before the Court, the claim against him should also be dismissed in light of the fact that the only Step III grievance plaintiff pursued through Step III while he was at JCF was an unrelated claim. Consequently, all of plaintiff's claims should be dismissed pursuant to 42 U.S.C. § 1997e(a).

## V. Conclusion

For the reasons discussed above, the Court recommends that defendants' motion be **GRANTED** and that this case be dismissed pursuant to 42 U.S.C. § 1997e(a) because plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                            s/Virginia M. Morgan
                                            Virginia M. Morgan
                                            United States Magistrate Judge

Dated: October 20, 2008

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 20, 2008.

                                            s/Jane Johnson
                                            Case Manager to
                                            Magistrate Judge Virginia M. Morgan