UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY EAGLE,

       Plaintiff,                          Case No. 08-11035

v.                                          Honorable David M. Lawson

GILBERT, RYAN, LAMB, and
JOHN DOE,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN MOTION TO WAIVE OR POSTPONE FEES

On March 11, 2008 the plaintiff filed a complaint in this Court. The plaintiff was permitted to proceed *in forma pauperis*, and the magistrate judge assigned to his case ordered that the plaintiff must pay the filing fee through monthly payments of 20% of the preceding month's income credited to the plaintiff's account. The matter proceeded through a final order, and the plaintiff's case against the defendants was dismissed with prejudice on April 17, 2009. There remains a balance owing on the plaintiff's filing fee.

On September 26, 2011, the plaintiff filed a motion titled "Incidental Motion to Waive or Postpone Fees." In that motion, the plaintiff details his difficulty in paying for both basic necessities and the outstanding filing fees for the suit filed by the plaintiff in this Court in 2008. On October 4, 2011, the Court entered an order denying that motion because payment of the fee is required by 28 U.S.C. § 1915(b)(1) and because the Court does not have the power to postpone payment of the fee.

On November 23, 2011, the plaintiff filed the motion now before the Court titled "Motion to Reopen Motion to Waive or Postpone Fees." In the motion, the plaintiff expresses his disbelief

that the Court lacks the power to waive or postpone the plaintiff's payment of the outstanding filing fee. The Court will treat the motion as a motion for reconsideration of the Court's October 4, 2011 order.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

28 U.S.C. § 1915 states, in relevant part, that:

> if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. . . . After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)(2). The Sixth Circuit has noted that "[u]nlike the appellate courts, which have [Federal Rule of Appellate Procedure] 24 available to waive the fees, no equivalent rule exists for the district courts. The only available authority to waive the district court filing fee is [28 U.S.C.] § 1915." *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("While incarcerated, all prisoners must now pay the required filing fees and costs. . . . When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an

installment plan."). However, 28 U.S.C. § 1915(b)(1) and (2) require that a prisoner bringing a civil action who proceeds *in forma pauperis* pay the full amount of the filing fee by making monthly payments from his account. While the Court recognizes the hardship involved in paying the filing fee in this case, this Court is bound by the statute, and the Court's order requiring monthly payments toward this fee remains in force.

The Court concludes that the plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). The plaintiff raises only issues that have been considered and decided by the Court. Therefore, the Court will deny the plaintiff's motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion to reopen motion to waive or postpone fee, treated as a motion for reconsideration [dkt. #45] is **DENIED.**

                                                     s/David M. Lawson
                                                     DAVID M. LAWSON
                                                     United States District Judge

Dated: December 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2011.

                               s/Deborah R. Tofil
                               DEBORAH R. TOFIL